# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY RAY BETTENCOURT,<br><br>Plaintiff,<br><br>v.<br><br>BALLESTEROS, et al.,<br><br>Defendants. | Case No. 1:17-cv-01184-SKO (PC)<br><br>**ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDERS AND FOR FAILURE TO STATE A CLAIM**<br><br>**(Docs. 3, 7, 8)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff, Gary Ray Bettencourt, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On December 13, 2017, the Court issued a screening order finding that Plaintiff failed to state any cognizable claims and granting Plaintiff leave to file a first amended complaint. (Doc. 9.) Although more than the allowed time has passed, Plaintiff has failed to file a first amended complaint or otherwise respond to the Court's screening order. It is also noted that Plaintiff has failed to respond to the Court's orders of August 29, 2017, (Doc. 3), and October 16, 2017, (Doc. 7), by indicating whether he consents to magistrate judge jurisdiction and filing the form provided in each those orders.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a

1

court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules). Not only has Plaintiff failed to file a first amended complaint in response to the screening order of December 13, 2017, he has failed to respond to any of the orders that have issued in this action. It, therefore, appears that Plaintiff has abandoned this case.

Accordingly, Plaintiff is **ORDERED** to show cause **within twenty-one (21) days** of the date of service of this order why a recommendation should not issue for this action to be dismissed for Plaintiff's failure to state a claim and failure to comply with the Court's orders. Alternatively, within that same time, Plaintiff may file a first amended complaint and the form indicating whether he consents to magistrate judge jurisdiction, or a notice of voluntary dismissal.

IT IS SO ORDERED.

Dated:   **February 5, 2018**                   /s/ *Sheila K. Oberto*
                                                UNITED STATES MAGISTRATE JUDGE