# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY RAY BETTENCOURT,<br><br>    Plaintiff,<br><br>v.<br><br>BALLESTEROS, et al.,<br><br>    Defendants. | 1:17-cv-01184-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS WITH PREJUDICE FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDERS AND FAILURE TO STATE A CLAIM**<br><br>(Docs. 3, 7, 8, 10)<br><br>**TWENTY-ONE (21) DAY DEADLINE**<br><br>**CLERK TO ASSIGN A DISTRICT JUDGE** |

Plaintiff, Gary Ray Bettencourt, is a state prisoner proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. On December 13, 2017, the Court issued an order finding that Plaintiff failed to state any cognizable claims, dismissing the Complaint, and granting Plaintiff leave to file a first amended complaint. (Doc. 8.) Although more than the allowed time has passed, Plaintiff has not filed a first amended complaint or otherwise responded to the Court's screening order.

On February 6, 2018, an order issued for Plaintiff to show cause ("the OSC") why the action should not be dismissed for Plaintiff's failure to comply with the court's orders and for failure to state a claim. (Doc. 10.) The order also noted that Plaintiff had failed to respond to orders dated August 29, 2017, (Doc. 3), and October 16, 2017, (Doc. 7),[1] by indicating whether

---

[1] On February 1, 2018, a third order issued for Plaintiff to indicate his consent of declination to magistrate judge jurisdiction (*see* Doc. 9), but the time for Plaintiff's response to that order had not lapsed when the OSC issued.

1

he consents to magistrate judge jurisdiction and filing the form provided in those orders. Instead of filing a response to the OSC, on February 20, 2018, Plaintiff filed a notice of appeal which the Ninth Circuit Court of Appeals dismissed for lack of jurisdiction. (Docs. 11, 14, 15.)

Following dismissal of Plaintiff's appeal, on May 4, 2018, Plaintiff filed a document titled "Motion in Compliance to the Magistrate Order." (Doc. 16.) Plaintiff contends the Clerk's Office erred by not transmitting final orders in this case to the Ninth Circuit. Plaintiff contends that this Court did not thoroughly review Plaintiff's original complaint in this action. Plaintiff also contends that other magistrate judges have not thoroughly reviewed his pleadings in a number of other actions which he lists. Ultimately, Plaintiff requests that he either be allowed to proceed on the original complaint in this action, or that a final order issue upon which he can file an appeal.

For the reasons discussed in the order that screened the Complaint and granted Plaintiff leave to file an amended complaint, (Doc. 8), Plaintiff has not stated a cognizable claim and should not be allowed to proceed on his original complaint. Further, despite having extended opportunity to file an amended complaint, Plaintiff has not done so.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

//

Despite having been provided an opportunity to file a first amended complaint, Plaintiff has chosen not to file a first amended complaint. Plaintiff has not stated a cognizable claim upon which he may proceed in this action. Nor has Plaintiff responded to the three orders requiring his consent or declination to magistrate judge jurisdiction. (*See* Docs. 3, 7, 9.) Thus, this action should be dismissed for Plaintiff's failure to comply with this Court's orders, failure to prosecute, and failure to state a cognizable claim,

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, with prejudice, for Plaintiff's failure to obey a court order, to prosecute this action, and to state a cognizable claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __May 8, 2018__    /s/ *Sheila K. Oberto*
                                                          UNITED STATES MAGISTRATE JUDGE