# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY RAY BETTENCOURT,<br><br>   Plaintiff,<br><br>   v.<br><br>BALLESTEROS, et al.,<br><br>   Defendants. | 1:17-cv-01184-AWI-SKO (PC)<br><br>**ORDER REGARDING PLAINTIFF'S REQUEST CONCERNING PAYMENT OF FILING FEE FOLLOWING DISMISSAL OF THIS ACTION**<br><br>(Docs. 21) |

Plaintiff Gary Ray Bettencourt is a state prisoner who proceeded *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.     INTRODUCTION**

On June 4, 2018, District Judge Anthony W. Ishii dismissed this action with prejudice for Plaintiff's failure to obey a court order, to prosecute the action, and to state a cognizable claim. (Doc. 19.) Judgment was entered that same date. (Doc. 20.)

On May 13, 2022, Plaintiff filed a notice or letter contending that "[b]ecause the cases were closed early and during screening the fees are no longer subject to payments," citing to 28 U.S.C. § 1915 in support of his contention. (Doc. 21 at 4.)[1] Plaintiff requests a letter be sent to the California Department of Corrections and Rehabilitation "informing them that the P.L.R.A. Fee Collections are no longer required …." (*Id.* at 5.) As exhibits to his notice, Plaintiff has attached a

---

[1] Plaintiff's notice references three cases filed in the Eastern District of California: *Bettencourt v. McCabe*, 1:17-cv-00646 SAB (PC); the instant action - *Bettencourt v. Ballesteros*, 1:17-cv-01184 AWI SKO (PC); and *Bettencourt v. Spencer*, 1:18-cv-02895 KJN P.

1

Memorandum from Mule Creek State Prison dated April 21, 2022, a CDCR 602-1 grievance form concerning the collection of fees from his inmate trust account, a Claimant Grievance Receipt Acknowledgment dated April 21, 2022, an Inmate Receipt dated April 18, 2022, an Inmate Statement Report dated April 20, 2022, and an Inmate Request for Interview form dated April 18, 2022. (*Id*. at 6-12.)

## II.     DISCUSSION

Regardless of the status of this case, Plaintiff remains obligated to pay the filing fee in full. "[I]f a prisoner brings a civil action ... in forma pauperis, the prisoner shall be required to pay the full amount of the filing fee." 28 U.S.C. § 1915(b)(1).

Plaintiff became liable for the filing fee upon the filing of his complaint in this case. (Doc. 1.) The subsequent dismissal of this action does not absolve Plaintiff of this obligation, and 28 U.S.C. § 1915 does not provide any authority or mechanism for the Court to excuse Plaintiff from having to pay the filing fee in full. *See, e.g.*, *Bruce v. Samuels*, 577 U.S. 82, 85-86 (2016). In *Bruce*, the Supreme Court held that "monthly installment payments, like the initial partial payment, are to be assessed on a per-case basis" and that "simultaneous, not sequential, recoupment of multiple filing fees" is required by 28 U.S.C. 1915(b)(2). *Id*. at 85-87.

28 U.S.C. § 1915(b)(2) "requires payments to be forwarded 'to the clerk of the court … until the filing fees are paid.'" *Bruce*, 577 U.S. at 87 (emphasis omitted). Although a civil action or appeal may proceed upon submission of an affidavit that demonstrates a prisoner's inability "to pay such fees or give security therefor," 28 U.S.C. § 1915(a), a prisoner granted leave to proceed *in forma pauperis* remains obligated to pay an initial partial filing fee and the remaining portion of the entire fee in "increments" or "installments," *Bruce*, 577 U.S. at 84, 85; *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015). The entire filing fee is to be paid regardless of whether the case is ultimately dismissed. *See Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002); *see also Soares v. Paramo*, 3:13-cv-02971 BTM-RBB, 2018 WL 5962728 at *2 (Nov. 14, 2018) ("Thus, § 1915 no longer provides any authority for courts to waive full payment of the filing fee required by § 1915(b)(1), or return any portion of the filing fee [] already paid, after the civil action has been consolidated, settled, or dismissed for any reason").

2

### III.  CONCLUSION AND ORDER

For the reasons set forth above, Plaintiff's request for a court order directing the California Department of Corrections and Rehabilitation to stop or discontinue withdrawing funds from Plaintiff's inmate trust account toward the payment of the filing fee in this action is hereby DENIED.

IT IS SO ORDERED.

Dated:  **May 20, 2022**                           /s/ *Sheila K. Oberto*
                                                  UNITED STATES MAGISTRATE JUDGE